# THE ATTORNEY GENERAL
## OF TEXAS
GERALD C. MANN      AUSTIN 11, TEXAS
ATTORNEY GENERAL


Hon. R. E. Beasley      Opinion No. O-2475
County Auditor      Re: Can Collin County legally
Collin County      pay her proportionate share of
McKinney, Texas      expenses incurred by the County
     Judges Association in sending
     out questionnaires for candidates
     for the legislature to ascertain
     their attitude on the bond assump-
Dear Sir:      tion bill?  And related questions.

Your recent request for an opinion of this Department on the questions as are herein stated has been received.

We quote your questions as follows:

"1. Can Collin County legally pay the expenses of the County Judge for attending the meetings of the County Judges Associations?

"2. Can Collin County legally pay her proportionate share of expenses incurred by the County Judges Association in sending out questionnaires for candidates for the legislature to ascertain their attitude on the bond assumption bill?

"3. (a) Can Collin County legally pay the travelling expenses of county commissioners for trips to Austin on official business? (b) For the purpose of lobbying?"

We quote from Texas Jurisprudence, Vol. 11, pages 563-4-5 as follows:

"Counties, being component parts of the State, have no powers or duties except those which are clearly set forth and defined in the Constitution and statutes. The statutes have clearly defined the powers, prescribed the duties, and imposed the liabilities of the commissioners' courts, the medium through which the different counties act, and from these statutes must come all the authority vested in the counties . . . Commissioners' courts are courts of

limited jurisdiction in that their authority extends only to matters pertaining to the general welfare of their respective counties and that their powers are only those expressly or impliedly conferred upon them by law, that is, by the Constitution and statutes of this State."

This department has repeatedly held, that in the absence of a valid statute, the commissioners' court has no authority to allow any sums of money to its members for expenses.

In our opinion No. O-810, it was held that there is no statutory authority authorizing the commissioners' court to pay the expenses of district and county attorneys, sheriffs, judges, and county commissioners, tax assessor and collector, to their respective officer's conventions. Therefore, your first question is respectfully answered in the negative.

Your second question is also answered in the negative because the commissioners' court has no legal authority to pay expenses incurred by the county judges association in sending out questionnaires for candidates for the legislature to ascertain their attitude on the bond assumption bill.

It was held in our opinion No. O-1926 that the members of the commissioners' court of Limestone County were not entitled to expense money for trips out of the county on official business of the county.

In our opinion No. O-2117, it was held that the members of the commissioners' court of Brewster County were not entitled to the expenses incurred by them in attending a meeting before the State Highway Commission with reference to the designation and letting of contracts on State Highway No. 3, U.S. No. 90. We are enclosing copies of the above mentioned opinions for your convenience.

In view of the foregoing your third question is also answered in the negative.

Trusting that the foregoing fully answers your inquiry, we are

AW:ew
Encls.
APPROVED JUN 29, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Yours very truly,
ATTORNEY GENERAL OF TEXAS
By /s/ Ardell Williams
Ardell Williams, Assistant
APPROVED OPINION COMMITTEE
By BWB, Chairman